ANGEL OCASIO,          )
*on behalf of himself and*      )     Civil Action No.: 2:26-cv-00688
*others similarly situated,*     )
                           )     Class Action Complaint
        Plaintiff,     )
                           )     Jury Trial Demanded
v.                          )
                           )
CRUNCHTIME CAPITAL, INC.,          )
                           )
        Defendant.     )
                           )

## PLAINTIFF'S MOTION FOR ALTERNATE SERVICE AND EXTENSION OF TIME TO EFFECT SERVICE

1.     Plaintiff Angel Ocasio ("Plaintiff"), by counsel, respectfully moves this Court pursuant to Federal Rules of Civil Procedure 4(h)(1)(A), 4(e)(1), and 4(m), together with Wisconsin law governing service of process, for an Order (1) authorizing alternative service upon Defendant Crunchtime Capital, Inc. by electronic mail directed to Defendant's known business email address and (2) extending Plaintiff's time to effect service. In support of this Motion, Plaintiff states as follows:

### BACKGROUND

2.     Plaintiff commenced this action against Defendant Crunchtime Capital, Inc. in the above-captioned matter on April 20, 2026. See ECF No. 1.

3.     Defendant Crunchtime Capital, Inc. is a New York corporation with New York Department of State DOS ID No. 5510511. According to the records maintained by the New York Department of State, Defendant's registered address

and address designated for service of process is 866 Eastern Parkway, Apt. 6A, Brooklyn, New York 11213. The Department of State records further indicate that this is the only registered address associated with Defendant.

4.     Plaintiff retained ABC Legal, a professional process serving company, to effect service upon Defendant at its registered address. As reflected in the ABC Legal email communication attached hereto as Exhibit 1 and the Process Server's Proof of Service attached as Exhibit 2, service could not be completed because Defendant no longer maintains a presence at that location. The process server reported that there was no answer at the address, individuals present advised that Defendant had moved, and a neighboring resident confirmed that Defendant was a former tenant.

5.     Plaintiff took the further step of running a skip trace on the registered agent and attempted service at a secondary address. The process server was not able to effect service at this secondary address.

6.     Following the unsuccessful service attempts, Plaintiff undertook additional efforts to identify an alternative means of providing notice to Defendant. Those efforts revealed that Defendant publicly identifies **info@crunchtimecapital.com** as its business contact email address on its website.

7.     Because Defendant cannot be served at its only registered address despite Plaintiff's diligent efforts, Plaintiff now seeks leave to effect service by electronic mail. In addition, Plaintiff requests an extension of time under Rule 4(m) so that service may be completed pursuant to any Order entered by this Court.

## LEGAL STANDARD

8.      Federal Rule of Civil Procedure 4(h)(1)(A) permits service upon a corporation in the manner prescribed by Rule 4(e)(1) for serving an individual.

9.      Rule 4(e)(1) authorizes service by following the law of the state where the district court is located or where service is made.

10.     Wisconsin Statute § 801.11 governs service of process. When service cannot be accomplished with reasonable diligence through the methods prescribed by statute, Wisconsin courts may authorize substituted or alternative methods of service that are reasonably calculated, under all of the circumstances, to provide notice and an opportunity to be heard consistent with due process.

11.     Federal Rule of Civil Procedure 4(m) further authorizes the Court to extend the time for service upon a showing of good cause and, even absent good cause, permits the Court to exercise its discretion to enlarge the period for service.

## ARGUMENT I

### (Alternate Service)

12.     Plaintiff exercised reasonable diligence in attempting to serve Defendant at the only registered business address identified in the records of the New York Department of State. Plaintiff retained a professional process server, who attempted service at that location but determined that Defendant no longer maintained a presence there. Despite these diligent efforts, traditional service has proven unsuccessful through no fault of Plaintiff.

3

13. Plaintiff has identified **info@crunchtimecapital.com** as a publicly available business email address used by Defendant on its website. Under these circumstances, service by electronic mail is reasonably calculated to provide Defendant with actual notice of this action while satisfying the requirements of Federal Rule of Civil Procedure 4(e)(1), Wisconsin law, and constitutional due process.

14. Alternative means of service are appropriate where a plaintiff has made reasonably diligent, although unsuccessful, attempts to serve a defendant through traditional means and the proposed method is reasonably calculated to provide notice and an opportunity to respond. *Identity Stronghold, LLC v. Zeidner*, No. 8:16-cv-0868-MSS-AAS, 2017 WL 11616431, at *16 (M.D. Fla. Mar. 27, 2017).

15. In the alternative to service by electronic mail, Plaintiff requests that the Court authorize service by publication and mailing under Wis. Stat. § 801.11(1)(c) as a further alternative means, to ensure that service may be completed even if electronic transmission does not come to Defendant's attention.

16. Wisconsin Statute § 801.11(1)(c) provides that when a defendant cannot be served with reasonable diligence through personal or substitute service, service may be made by publication of the summons as a class 3 notice under ch. 985, together with mailing a copy of the summons and complaint to the defendant's last known address, if that address is known or can be ascertained with reasonable diligence. This method is incorporated for corporate defendants through Federal Rule of Civil Procedure 4(h)(1)(A), which permits service on a corporation in the

manner prescribed by Rule 4(e)(1) for serving an individual, and Rule 4(e)(1), which authorizes service under the law of the state where the district court sits.

17.     Plaintiff has exhausted reasonable diligence in attempting to locate Defendant, as detailed above, and has identified 866 Eastern Parkway, Apt. 6A, Brooklyn, New York 11213 as Defendant's last known address of record with the New York Department of State. Mailing to that address, combined with publication under ch. 985, will satisfy § 801.11(1)(c) even though the process server confirmed Defendant no longer occupies the premises, because the statute requires only that the address be ascertained with reasonable diligence, not that the defendant currently reside there.

18.     Authorizing publication and mailing as an alternative to, or in conjunction with, service by electronic mail will maximize the likelihood that Defendant receives actual notice of this action and will foreclose any later argument that Plaintiff failed to pursue every reasonably diligent avenue of service available under Wisconsin law.

<u>ARGUMENT II</u>

**(Extension of Time to Effect Service)**

19.     Plaintiff has acted diligently throughout this matter. The inability to complete service resulted from Defendant's failure to maintain a location where service could be accomplished, rather than any lack of diligence by Plaintiff.

20.     Because Plaintiff must await the Court's ruling authorizing alternative service before completing service by electronic mail, Plaintiff's deadline to effect service has expired, or will expire, before service can be completed. A brief extension

5

of sixty (60) days will permit Plaintiff to complete service in accordance with the Court's Order.

21.      No prejudice will result to Defendant from a brief extension. Rather, an extension will facilitate service in a manner reasonably calculated to provide Defendant with actual notice while preserving Plaintiff's claims.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter an Order:
A. Authorizing Plaintiff to serve Defendant Crunchtime Capital, Inc. by electronic mail directed to: **info@crunchtimecapital.com**;
B. In the alternative, authorizing service by mail/publication;
B. Extending Plaintiff's deadline to effect service by sixty (60) days;
C. Deeming service complete upon transmission of the authorized service documents in accordance with the Court's Order; and
D. Granting such other and further relief as the Court deems just and proper.

Dated: July 10, 2026                           Respectfully Submitted:


*/s/ Francisco Fernandez Del Castillo*
Francisco Fernandez Del Castillo
11 E Adams Street #1401
Chicago, IL 60603
(312)-216 0111
francisco@delcastillolawgroup.com

*/s/ Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

6

# EXHIBIT 1

 Gmail          Francisco Fernandez del Castillo <francisco@delcastillolawgroup.com>

## Progress is Paused. Please Choose Next Service Address for Reference # 00116
1 message

noreply@abclegal.com <noreply@abclegal.com>          Thu, May 7, 2026 at 8:19 PM
To: francisco@delcastillolawgroup.com



Dear Customer,

We attempted service on Crunch Time Capital, Inc, but the address provided was not successful.

To keep your case moving forward, we just need you to confirm where we should attempt service next. This step is quick and can be completed directly from your ABC Legal account.

Choose Address

### What to do next

Log in to your secure **ABC Legal account** and select **Choose Address**. From there, you can:

· Select from a list of potential addresses
· Order an investigation to locate the individual
· Enter a new address you've already identified
· Retry the current address if you believe it is still valid

**Title:** Angel Ocasio, on behalf of himself and all others similarly situated v. Crunchtime Capital, Inc.

**Reference ID:** 00116

**Case #:** 2:26-cv-00688-WED

**Respond by:** 07/06/2026

If you have any questions or need help deciding next steps, our team is happy to assist—just send us a message through your account.

Thank you for partnering with ABC Legal. We're here to help keep your case moving.

Sincerely,
The ABC Legal Team

ABC Legal Services, 1099 Stewart St, Suite 700, Seattle, WA 98101
(206) 521-9000 | This is a transactional email.

Manage your email notifications from your profile settings.

# <u>EXHIBIT 2</u>

Civil Action No.    **2:26-cv-00688-WED**

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for   Crunch Time Capital, Inc
was received by me on  4/30/2026:

☐ I personally served the **SUMMONS IN A CIVIL ACTION; CLASS ACTION COMPLAINT INTRODUCTION; CIVIL COVER SHEET** on the individual at *(place)* on *(date)* ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* , a person of suitable age and discretion who resides there, on , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* , who is designated by law to accept service of process on behalf of *(name of organization)*; or

☒ I returned the summons unexecuted because **Moved** after attempting service at **866 Eastern Pkwy Apt 6A, Brooklyn, NY 11213**; or

☐ Other *(specify)*

My fees are $ 0 for travel and **$ 76.00** for services, for a total of **$ 76.00**.

I declare under penalty of perjury that this information is true.

Date:  05/09/2026

_____
Server's signature

**Vincent Muyir**
Printed name and title

**1675 81st Street**
**Brooklyn, NY 11214**

_____
Server's address

Additional information regarding attempted service, etc:

5/6/2026 11:35 AM: There was no answer at the address. At the address I observed a call/mail box listing subject.
5/7/2026 8:18 PM: I spoke with an individual who identified themselves as the resident and they stated subject moved. I spoke with a neighbor who says not resident.  Resident stated subject was previous tenant.





Tracking #: 0222309576

11