# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ANGEL OCASIO,

        Plaintiff,

    v.                             Case No. 26-CV-688

CRUNCHTIME CAPITAL INC.,

        Defendant.

## ORDER

Plaintiff Angel Ocasio filed this action against defendant Crunchtime Capital Inc. on April 20, 2026. (ECF No. 1.) Now before the court is Ocasio's motion for an extension of time to complete service and for an order authorizing alternative service by electronic mail. (ECF No. 7.)

Federal Rule of Civil Procedure 4(m) states, "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." The court's "decision of whether to dismiss or extend the period for service is inherently discretionary." *Cardenas v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011) (citation omitted). "Rule 4(m) does not specify which

factors the district court must consider in exercising its discretion." *Id.* at 1006. But the Seventh Circuit Court of Appeals has recognized several factors the district court may consider, including the relative hardships of the parties, harm to the defendant's ability to defend, receipt of actual notice, expiration of the statute of limitations, evasion of service, and admission of liability. *Id.* at 1006–07.

The Federal Rules of Civil Procedure allow for service on an individual or corporation by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made. Fed. R. Civ. P. 4(e)(1), (h)(1)(A). Under Wisconsin law, service upon a corporate defendant is permitted by publication and mailing if, with reasonable diligence, the corporate defendant's officer, director or managing agent cannot be personally served. Wis. Stat. § 801.11(5)(a)–(b).

Whether reasonable diligence exists depends on the facts of each case. *Haselow v. Gauthier*, 569 N.W.2d 97, 100 (Wis. Ct. App. 1997) (citing *Heaston v. Austin*, 176 N.W.2d 309, 313 (Wis. 1970)). Reasonable diligence does not require "all possible diligence which may be conceived." *Id.* (citation omitted). It does, however, require the "pursuit of any 'leads or information reasonably calculated to make personal service possible.'" *Loppnow v. Bielik*, 783 N.W.2d 450, 454 (Wis. Ct. App. 2010) (quoting *West v. West*, 262 N.W.2d 87, 90 (Wis. 1978)).

2

Ocasio states that Crunchtime is a New York corporation and, according to the records maintained by the New York Department of State, its registered address and address designated for service of process is 866 Eastern Parkway, Apt. 6A, Brooklyn, New York 11213. (ECF No. 7, ¶ 3.) Ocasio retained ABC Legal, a professional process serving company, to effect service at this address, but service could not be completed because Crunchtime no longer maintains a presence at its registered address. (*Id.*, ¶ 4 (citing ECF No. 7 at 8 (email from ABC Legal reflecting unsuccessful service); ECF No. 7 at 11 (ABC Legal's Proof of Service form indicating it returned the summons unexecuted).) The process server reported to Ocasio that there was no answer at the address, individuals present advised that Crunchtime had moved, and a neighboring resident confirmed that Crunchtime was a former tenant. (*Id.*) Ocasio states that he also ran a "skip trace" on the registered agent and attempted service at a secondary address, but the process server was also unable to effect service there. (*Id.*, ¶ 5.)

Ocasio has determined that Crunchtime publicly identifies an electronic mailing address, info@crunchtimecapital.com, as its business contact on its website. (ECF No. 7, ¶ 6.) Accordingly, Ocasio requests permission to serve Crunchtime via electronic mail because he has made reasonably diligent, although unsuccessful, attempts to complete service through traditional means and the proposed method is reasonably calculated to provide notice and an opportunity to respond. (*Id.*, ¶ 14.) Ocasio asserts that authorizing service by publication and mailing as an alternative to, or in conjunction with, service by

electronic mail will maximize the likelihood that Crunchtime receives actual notice of this action. (*Id.*, ¶ 18.)

Ocasio's window to serve Crunchtime under the federal rules is presently set to expire on July 19, 2026. *See* Fed. R. Civ. P. 4(m) (setting deadline ninety days from filing the complaint). Ocasio requests an additional sixty days to complete service because he must await the court's order authorizing alternative service. (ECF No. 7, ¶ 20.)

Ocasio has not explained why it took him over two months to request service by alternative means after the process server determined Crunchtime no longer occupied its listed address. (*See* ECF No. 7 at 11 (process server's documentation dated 5/9/2026).) In any event, the court finds that Ocasio has exercised reasonable diligence in attempting to serve Crunchtime at its registered address and that he should have an opportunity to attempt alternative service.

The court will authorize alternative service only via publication because Ocasio has not demonstrated that service by electronic mail is legally permissible. (*See* ECF No. 7, ¶ 14 (citing unpublished case from Florida in support of request for alternative means of service).) Courts in this district have permitted alternative service via electronic mail for foreign defendants pursuant to Federal Rule of Civil Procedure 4(f)(3), which authorizes service "by other means not prohibited by international agreement." *See, e.g., Broan-Nutone LLC v. Conglom Hong Kong Ltd.*, No. 23-CV-393-JPS-JPS, 2023 WL 8784668, at *1 (E.D. Wis. Dec. 19, 2023). But service on domestic corporate defendants is governed by

4

Federal Rule of Civil Procedure 4(h), which permits service in the manner prescribed by Rule 4(e)(1) for serving an individual. Rule 4(e)(1) permits service by following state law for service. Wisconsin law only provides for service upon a corporate defendant by publication and mailing in the event that the corporate defendant's officer, director, or managing agent cannot with reasonable diligence be personally served. Wis. Stat. § 801.11(5)(a)–(b).

**IT IS THEREFORE ORDERED** that Ocasio's motion for an extension of time and for alternative service (ECF No. 7) is **GRANTED IN PART** and **DENIED IN PART** as set forth herein. **IT IS ORDERED** that Ocasio will have until **September 14, 2026**, to serve the defendant via publication and mailing consistent with Wisconsin Statute § 801.11(5)(b). Ocasio's duplicate motion for an extension of time and for alternative service (ECF No. 6) is hereby **DENIED** as moot.

Dated at Milwaukee, Wisconsin this 15th day of July, 2026.

WILLIAM E. DUFFIN
U.S. Magistrate Judge