**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**

ANGEL OCASIO, )
*on behalf of himself and* ) Civil Action No.: 2:26-cv-00688
*others similarly situated*, )
) Class Action Complaint
Plaintiff, )
) Jury Trial Demanded
v. )
)
CRUNCHTIME CAPITAL, INC., )
)
Defendant. )
)

**PLAINTIFF'S MOTION FOR A FOURTEEN-DAY EXTENSION OF TIME TO EFFECT SERVICE**

Plaintiff respectfully moves this Court, pursuant to Fed. R. Civ. P. 6(b)(1)(A) and 4(m), to extend the deadline to effect service on Defendant Crunchtime Capital Inc through and including September 28, 2026, and states:

By Order dated July 15, 2026 (ECF No. 9), the Court granted Plaintiff until September 14, 2026, to serve Defendant by publication and mailing consistent with Wis. Stat. § 801.11(5)(b).

In seeking that relief, Plaintiff's counsel was mistaken about the law. Counsel did not appreciate that the publication method incorporated by § 801.11(5)(b) cannot be satisfied as to a defendant located outside Wisconsin.

Section 801.11(5)(b) prescribes no publication method of its own. It authorizes service "by publication and mailing as provided in sub. (1)," and sub. (1)(c) permits

publication only "as a class 3 notice, under ch. 985." Chapter 985 supplies the entire content of the authorized method.

Publication outside Wisconsin cannot satisfy ch. 985. A newspaper is eligible only if it files a certificate with the county clerk stating that it qualifies under the chapter and stating its place of publication, Wis. Stat. § 985.03(1)(cm), and every newspaper publishing a legal notice must post an electronic copy on the Wisconsin newspapers legal notices Internet site, id. § 985.02(3), defined as a site "maintained by Wisconsin newspapers," id. § 985.01(7). A New York newspaper can satisfy neither requirement, so publication there would not be publication under ch. 985 as § 801.11(1)(c) requires.

Publication inside Wisconsin fails for a different reason. A legal notice must appear in a newspaper "likely to give notice in the area or to the person affected." Wis. Stat. § 985.02(1). Defendant is a New York corporation whose only known address is in Kings County. In *PHH Mortgage Corp. v. Mattfeld*, 2011 WI App 62, 333 Wis. 2d 129, 799 N.W.2d 455, publication in a Milwaukee daily was held insufficient as to a defendant in adjoining Waukesha County. No Wisconsin newspaper is likely to give notice in Brooklyn.

Proceeding by publication would therefore produce service vulnerable to collateral attack.

Because Defendant is a New York corporation that illegally called a Wisconsin consumer service can instead be made on the New York Secretary of State, That method is authorized by Wis. Stat. § 801.11(5)(c), which permits service "upon an

agent authorized by appointment or by law to accept service," and independently by Fed. R. Civ. P. 4(h)(1)(A) and 4(e)(1). It requires no leave of court and provides notice superior to publication.

Plaintiff filed this motion before the September 14, 2026 deadline ran. Rule 6(b)(1)(A) therefore governs, and Plaintiff must show good cause rather than excusable neglect. Rule 4(m) separately allows the Court to extend the time to serve even where a party has not shown good cause. *See Panaras v. Liquid Carbonic Indus. Corp.,* 94 F.3d 338, 340-41 (7th Cir. 1996)

Counsel misread the law. Section 801.11(5)(b) does not say how to publish. It points to sub. (1)(c), which allows publication only as a class 3 notice under ch. 985, and ch. 985 governs Wisconsin newspapers alone. Counsel asked for leave to publish without realizing that no such service could not be effected against a New York Corporation, and the Court granted the request counsel made. Counsel then could not use the relief he had asked for.

The alternative was to publish in a Wisconsin newspaper and move for a default on a record that could not support personal jurisdiction. Since Defendant is an active New York corporation, service upon the New York Secretary of State is the best means of giving Defendant actual notice of this action and far more efficient than notice by publication. See Wis. Stat. §§ 985.07(3)(a), 985.01(1m)(a). Defendant has not appeared and will suffer no prejudice from the delay.

1. This motion is filed before the deadline expires and is governed by the good-cause standard of Rule 6(b)(1)(A). Plaintiff seeks a short extension to accomplish

proper service. Defendant will suffer no prejudice. Given that this motion was filed before the deadline expired and Plaintiff's claims are still well within the TCPA's four-year statute of limitations the most efficient course is to modestly extend the time to effect service.

WHEREFORE, Plaintiff respectfully requests that the Court extend the deadline to effect service through and including September 28, 2026.

Dated: September 14, 2026 Respectfully Submitted

*/s/ Francisco Fernandez Del Castillo*
Francisco Fernandez Del Castillo
11 E Adams Street #1401
Chicago, IL 60603
(312)-216 0111
francisco@delcastillolawgroup.com