UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**ANGEL OCASIO,**

**Plaintiff,**

**v.** **Case No. 26-CV-688**

**CRUNCHTIME CAPITAL INC.,**

**Defendant.**

---

# ORDER

---

Plaintiff Angel Ocasio filed this action against defendant Crunchtime Capital Inc. on April 20, 2026. (ECF No. 1.) On July 15, 2026, the court granted Ocasio's motion for an extension of time until September 14, 2026, in which to serve the defendant but denied his request for alternative service by electronic mail. (ECF No. 9.) On September 14, 2026, Ocasio filed a second motion for extension of time to effect service. (ECF No. 10.)

The court's July 15 order authorized service via publication. (ECF No. 9.) Publication was the alternative manner Ocasio proposed if the court would not authorize service by electronic mail. (*See* ECF No. 7.) Ocasio now contends that service by publication would not support personal jurisdiction because the defendant is a New York corporation and Wisconsin law permitting service by publication "governs Wisconsin

newspapers alone." (ECF No. 10 at 3.) Ocasio does not explain why Wisconsin Statute § 985 would pertain only to Wisconsin newspapers. *See* Wis. Stat. § 985.02(3) (requiring the newspaper that publishes a legal notice to also "place an electronic copy of the legal notice … on the publishing newspaper's Internet site and on the Wisconsin newspapers legal notices Internet site). In any event, Ocasio requests an additional fourteen days because he intends to effect service upon the New York Secretary of State. (ECF No. 10 at 2–3.)

The Federal Rules of Civil Procedure allow for service on an individual or corporation by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made. Fed. R. Civ. P. 4(e)(1), (h)(1)(A). Wisconsin Statute § 801.11(5)(c) permits service "upon an agent authorized by appointment or by law to accept service of the summons for the defendant." New York state law permits service of process on the New York Secretary of State as agent of a corporation or other business entity. *See* N.Y. Bus. Corp. Law § 306.

Federal Rule of Civil Procedure 4(m) states, "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." The court's "decision of whether to dismiss or extend the period for service is inherently discretionary." *Cardenas v. City of Chicago*, 646

F.3d 1001, 1005 (7th Cir. 2011) (citation omitted). "Rule 4(m) does not specify which factors the district court must consider in exercising its discretion." *Id.* at 1006. But the Seventh Circuit Court of Appeals has recognized several factors the district court may consider, including the relative hardships of the parties, harm to the defendant's ability to defend, receipt of actual notice, expiration of the statute of limitations, evasion of service, and admission of liability. *Id.* at 1006–07.

Ocasio contends that the defendant will suffer no prejudice and that his claims are still well within the statute of limitations. (ECF No. 10 at 4.) On this record, the court finds good cause to extend the deadline to effect service by the requested period of two weeks. *See* Fed. R. Civ. P. 4(m), 6(b)(1)(A).

**IT IS THEREFORE ORDERED** that Ocasio's motion for an extension of time (ECF No. 10) is **GRANTED**. Ocasio shall effect service no later than **September 28, 2026**.

Dated at Milwaukee, Wisconsin this 15th day of September, 2026.

William E. Duffin

WILLIAM E. DUFFIN
U.S. Magistrate Judge